UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lawrence L. Moore, Jr., )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)　Case No. 4:11-cv-2511-RBH<br>　　v. 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>Aberdeen and Rockfish Railroad, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　) | |

## ORDER

　　This case was filed in state court and removed to federal court on September 19, 2011. The defendant filed an answer on September 26, 2011. On September 27, 2011, Court personnel spoke to Plaintiff's counsel, who indicated that he was not licensed to practice in federal court and that he would advise the Court of new counsel who was admitted to federal court. On October 20, 2011, Plaintiff's counsel sent an e-mail to the Court which was docketed as Entry # 10. This e-mail further indicated that he was not admitted; that he needed to find counsel for the plaintiff; and that he requested the Court to dismiss the case without prejudice.

　　Fed. R. Civ. P. 41(a)(2) provides in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Chambers contacted defense counsel regarding consideration of a consent to dismissal without prejudice, and counsel advised that he could not do so.

　　Under the circumstances, the Court has a case that is relatively new, and no proceedings, discovery, or other significant matters have taken place. Additionally, over a month has passed since the plaintiff's counsel first contacted the Court regarding his not being admitted. To date, there has still

been no appearance by any attorney who is admitted before federal court on behalf of the plaintiff. For good cause, and for the reasons outlined above, the Court deems it prudent to dismiss the case without prejudice. At the same time, the Court believes in fairness to the defendant that it should not incur an additional removal fee in the event the case is re-filed. Therefore, if the case is later re-filed in state court, and removed by the defendant, then the plaintiff shall reimburse the defendant for the cost of removal.

The Court believes that this is fair and just in that this disposition of the case will enable the plaintiff an opportunity to obtain appropriate representation and at the same time negates additional cost to the defendant, where the case is at an early stage and no party will be substantially prejudiced.

IT IS SO ORDERED.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Date: October 28, 2011  
Florence, SC